### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**MICHELLE WILLIAMS**                               )
**3340 22nd Street SE, Apartment G**                )
**Washington, DC  20020,**                          )
                              **Plaintiff,**         )    Civil Action No. 07-1261 (ESH)
                                                    )
**v.**                                              )
                                                    )
**DISTRICT OF COLUMBIA**                            )
**One Judiciary Square**                            )
**441 Fourth Street, NW**                           )
**Washington, DC  20001,**                          )
                              **Defendant.**         )
_____)


## AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Michelle Williams, on behalf of her son J.W. and through undersigned

counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1.    This is a claim for injunctive relief brought under the federal Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a

judgment: 1) declaring that DCPS violated the IDEA and an October 2, 2006 Hearing

Officer's Determination ("HOD") by failing to determine an appropriate special

educational placement, failing to develop an appropriate individualized education

program ("IEP"), and failing to determine an appropriate compensatory education plan;

2) ordering the Defendant to fund J.W.'s placement at Rock Creek Academy, with

transportation; and 3) ordering DCPS to convene an IEP team meeting, and at that

meeting to revise J.W.'s IEP as appropriate and to develop an appropriate compensatory

education plan to compensate J.W. per the terms of the October 2, 2006 HOD and for

harm done him by the violations identified above.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.      On April 4, 2007, the Plaintiff participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Schools State Enforcement and Investigation Division. In an order dated April 18, 2007, the administrative Hearing Officer granted the Plaintiff some of her requested relief and denied her the relief requested in this Complaint.

## PARTIES

4.      Michelle Williams is the mother of J.W., a seven-year-old boy. Ms. Williams and J.W. reside together in Washington, DC.

5.      The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6.      The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7.      J.W. has attended Stanton Elementary School ("Stanton") since the 2004-2005 school year.

8.      An October 10, 2006 psychoeducational evaluation diagnoses J.W. with mixed

receptive-expressive language disorder and mild mental retardation, and recommends a

disability classification of Mentally Retarded ("MR").

9.      The October 10, 2006 psychoeducational evaluation recommends "placement in a

separate structured classroom for his academic subjects with a low teacher-student ratio

(8-10 students – 1 teacher/1 aide)."

10.     An October 2, 2006 HOD found that DCPS had denied J.W. free appropriate

public education ("FAPE") by failing to conduct warranted evaluations, failing to

convene a placement meeting, and failing to determine an appropriate educational

placement and ordered DCPS, *inter alia*, to convene a multidisciplinary team ("MDT")

meeting within 15 days of receiving certain independent evaluations to review all current

evaluations, review and revise J.W.'s IEP, discuss and determine an appropriate

educational placement for the 2006-2007 school year, and develop a compensatory

education plan if compensatory education was warranted.

11.     DCPS received the last of the ordered evaluations on December 20, 2006.

12.     DCPS did not convene an MDT meeting for J.W. before February 12, 2007.

13.     DCPS has never developed an appropriate IEP for J.W.

14.     DCPS has never determined an appropriate special education placement for J.W..

15.     DCPS has never determined J.W.'s eligibility for compensatory education.

16.     J.W. has been accepted at Rock Creek Academy ("Rock Creek"), a full-time

special education placement.

17.     Rock Creek can provide J.W. with educational benefits.

18.     The IDEA requires DCPS to provide all children with disabilities in its

jurisdiction free appropriate public education ("FAPE").

19.     DCPS' failures to comply with the October 2, 2006 HOD, to develop an

appropriate IEP, to determine an appropriate educational placement, and to determine

appropriate compensatory education have denied and continue to deny J.W. his right to

FAPE under the IDEA.

20.     As a result of this denial, J.W. has experienced and continues to experience harm

to his educational development.


WHEREFORE, the Plaintiff respectfully requests that this Court:

   1) declare that DCPS violated the IDEA and an October 2, 2006 Hearing Officer's

      Determination ("HOD") by failing to develop an appropriate individualized

      education program ("IEP"), failing to determine an appropriate special

      educational placement, and failing to determine an appropriate compensatory

      education plan;

   2) order the Defendant to fund J.W.'s placement at Rock Creek Academy, with

      transportation;

   3) order DCPS to convene a multidisciplinary team meeting to review J.W.'s IEP

      and revise it as appropriate, and to develop an appropriate compensatory

      education plan to compensate J.W. per the terms of the October 2, 2006 HOD,

      and for the harm done him by the violations of the IDEA and the October 2, 2006

      HOD;

   4) award the Plaintiff attorneys' fees and costs of this action;

5

5)  award any other relief the Court deems just.


Respectfully submitted,


/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Phone:  (202) 265-4260
Fax:  (202) 265-4264