## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE WILLIAMS,<br>Mother and Next Friend of J.W., a Minor,<br><br>    Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-1261 (ESH) |

## <u>DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS</u>

The Defendant, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), moves for

dismissal of the Amended Complaint herein.  As shown in the attached memorandum of

points and authorities, this Court does not have jurisdiction over the Plaintiff's claims.  A

proposed order is also attached hereto.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

August 27, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE WILLIAMS,<br>Mother and Next Friend of J.W., a Minor,<br><br>   Plaintiff,<br><br>   v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 07-1261 (ESH)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

On August 9, 2007, the Plaintiff filed her Amended Complaint, requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA").  Complaint, ¶ 1.  The Plaintiff seeks to have this Court issue an order:

> 1) declaring that DCPS violated the IDEA and an October 2, 2006 Hearing Officer's Determination ("HOD") by failing to determine an appropriate special educational placement, failing to develop an appropriate individualized education program ("IEP"), and failing to determine an appropriate compensatory education plan; 2) ordering the Defendant to fund J.W.'s placement at Rock Creek Academy, with transportation; and 3) ordering DCPS to convene an IEP team meeting, and at that meeting to revise J.W.'s IEP as appropriate and to develop an appropriate compensatory education plan to compensate J.W. per the terms of the October 2, 2006 HOD and for harm done him by the violations identified above.

Complaint, ¶ 1.  The Complaint, on its face, however, fails to demonstrate that this action

is properly before the Court because it fails to allege a viable cause of action under the

IDEIA or any other statute.

**ARGUMENT**

**I.    Standards of Dismissal under Fed. R. Civ. P. 12 (b)(1).**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the

burden of establishing that the court has jurisdiction.  District of Columbia Retirement

Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  "A motion to dismiss

under 12(b)(1) for lack of standing ... involves an examination of the face of the

complaint . . . [.]"Al-Owhali v. Ashcroft, 279 F. Supp.2d 13, 20 (D.D.C. August 29,

2003) (quoting Haase v. Session, 835 F.2d 902, 908 (D.C. Cir. 1987)).  "A Rule 12 (b)(1)

attack that is facial in nature, i.e., that ... does not dispute the facts underlying the ripeness

of the complaint ... as opposed to [a] factual [challenge], is a direct attack on ... both the

sufficiency of the pleadings and the subject matter jurisdiction of the challenged court."

Id. (internal citations omitted).

In considering a motion to dismiss for lack of subject matter jurisdiction, the court

must consider the facts presented in the pleading as true and construe them and all

reasonable inferences in the light most favorable to the plaintiffs.  Scheuer v. Rhodes,

416 U.S. 232, 236 (1974), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and

citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967).  The court, however,

need not consider inferences that are unsupported by the facts or legal conclusions

framed as facts.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994).

II.    **This Court Lacks Jurisdiction over the Plaintiff's Complaint.**

    A.    **28 U.S.C. § 1331**

In her Complaint, the Plaintiff claims subject matter jurisdiction pursuant to 28 U.S.C. § 1331, "in that the action arises under the laws of the United States." Complaint, ¶ 2. In order to invoke federal question jurisdiction, however, the Plaintiff's claim must be based on some independent federal substantive law. 28 U.S.C. § 1331; Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804 (1986).

In the present case, the Plaintiff has failed to cite any independent federal statute in her jurisdictional paragraph. Accordingly, this Court has no jurisdiction over the Plaintiff's claims, and must dismiss the Complaint.

    B.    **The Complaint Fails to State a Cause of Action under the IDEIA**

Even assuming *arguendo* that the Plaintiff's allusions to the IDEIA in the Introduction (¶ 1) and in the Facts section (¶¶ 18-19) of the Complaint reference independent federal substantive law under which the Plaintiff seeks to assert jurisdiction, the Complaint nonetheless fails to state a cause of action under this statute.

The IDEIA provides specific procedures whereby challenges to District of Columbia Public Schools ("DCPS") educational determinations (concerning such matters as eligibility of students for special education services, individualized education plans, and school placement decisions) are to be addressed. 20 U.S.C. § 1415. The administrative process described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer, at the conclusion of which a Hearing Officer's Decision ("HOD") is issued. 20 U.S.C. § 1415(f). Such an HOD contains findings of fact and conclusions concerning the disputed matters.

If the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought. Jurisdiction for court review of an HOD is found at 20 U.S.C. § 1415 (i)(2)(A):

> Any party aggrieved by the findings and decision made [in an administrative due process hearing] . . . shall have the right to bring a civil action with respect to the [administrative] complaint . . . which action may be brought . . . in a district court of the United States, without regard to the amount in controversy.

Accordingly, to establish an entitlement to court review under the IDEIA, a plaintiff's complaint must at least aver that necessary administrative processes have been employed, an identified HOD has been issued, the plaintiff is a party aggrieved by that HOD, and the action challenges the propriety of the HOD.

The Complaint herein, however, only mentions the April 18, 2007, HOD in passing and does not make any such assertions or showings. The "Jurisdiction and Venue" section of the complaint makes only the following general statement (Complaint, ¶ 3):

> On April 4, 2007, the Plaintiff participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Schools State Enforcement and Investigation Division. In an order dated April 18, 2007, the administrative Hearing Officer granted the Plaintiff some of her requested relief and denied her the relief requested in this Complaint.

However, neither the nature or the specific results of that HOD, nor if or how the HOD

renders the Plaintiff "aggrieved," appears in the Complaint.[1]  Yet even if it were to be assumed that—notwithstanding the lack of any such indication on the face of the Complaint—review of some HOD was what the Complaint drafter had in mind, the absence of the nature of the hearing and the specific results alone is a material omission, rendering the Complaint plainly defective.

Ultimately, however, the Complaint, even if read most favorably to the Plaintiff, does not indicate that it is an "appeal" of *any* HOD, much less an identified one.  And nowhere is it even asserted that the Plaintiff is an aggrieved party entitled to court review. In the absence of such showings, this Court is without jurisdiction under the IDEIA to review the allegations set forth in the Complaint.

### C.    The Complaint Fails to Comply with Fed. R. Civ. P. 8(a)(2)

Rule 8(a)(2) requires only, "a short and plain statement of the claim showing that the pleader is entitled to relief."  While this is a fairly lenient standard, the Supreme Court has held that "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level … "  Robinson v. District of Columbia, No. 06-1253, Memorandum Opinion at 7 (D.D.C. August 1, 2007), citing Bell Atlantic, Corp., v. Twombly, No. 05-1126, slip op. at 8 (Supreme Court May 21, 2007).  In the absence of

---

[1] While plaintiff references an April 18, 2007, HOD in the Jurisdiction and Venue Section of the Complaint, and an October 2, 2006, HOD is referenced throughout, it is unclear whether it is one of these HODs, if any, that is being appealed.  Notably, if the Plaintiff is appealing the October 2, 2006, HOD, the Complaint is untimely because the Plaintiff has 90 days from the issuance of the HOD to appeal.  20 U.S.C. § 1415(i)(2)(B).  As such, an appeal of the October 2, 2007, HOD would have to be filed no later than December 31, 2006.

such showings, this Court is without jurisdiction under the IDEIA – or any other Rule or statute – to review the matters recited in the Complaint.

### D.    The Plaintiff has Failed to exhaust her Administrative Remedies.

The complaint asserts at length DCPS actions, or inactions, said to violate the IDEIA – failure to develop an appropriate IEP (e.g., Complaint, ¶ 13); failure to properly place the student (Complaint, ¶14), or failure to determine the student's eligibility for compensatory education (Complaint, ¶ 15). However, as indicated initially, the IDEIA prescribes specific administrative procedures for challenging such matters before court review is available. A request for such things may be presented to DCPS. If a DCPS action or inaction is disputed, a due process complaint may be filed, and an administrative hearing and decision may be obtained. Nowhere in the Complaint, however, is there any assertion – much less any showing – that the Plaintiff has yet exhausted those required administrative remedies.

The importance of requiring exhaustion of administrative remedies prior to judicial review was laid out in Cox v. Jenkins, 278 U.S. App. D.C. 312, 317 (D.C. Cir. 1989) ("a party must pursue all avenues of administrative redress…before seeking judicial review"), citing McKart v. United States, 395 U.S. 185, 193-95, (1969):

> [I]t prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process.

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1). <u>Moss v. Smith</u>, 794 F. Supp. 11 (D.D.C. 1992). The <u>Moss</u> Court found that the plaintiff was required to exhaust her administrative remedies under the IDEIA prior to filing suit because the administrative remedies available were neither futile nor inadequate. <u>Id</u>.; <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction"). And no such assertion – much less a showing – of futility or inadequacy has been made here.

<u>**CONCLUSION**</u>

Based on the face of the Complaint, no action is stated as to which this Court has jurisdiction under the IDEIA. The Court has jurisdiction to review HODs, and the Complaint contains no material assertion that any HOD is being challenged. Moreover, to the extent the Complaint asserts a variety of IDEIA violations resulting from asserted DCPS failings, those are matters which must first be presented to DCPS in accordance with procedures prescribed in IDEIA, and there are no assertions in the Complaint that those procedures have been exhausted, or that they are futile or unavailable. Accordingly, the Complaint on its face is insufficient and should be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
August 27, 2007                    E-mail: Eden.Miller@dc.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHELLE WILLIAMS, | ) | |
| Mother and Next Friend of J.W., a Minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1261 (ESH) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| A municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of the Defendant's Motion to Dismiss, any opposition and reply thereto, and the record herein, it is on this ____ day of September, 2007, hereby:

**ORDERED,** that the Defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED,** that the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

_____
United States District Judge Ellen S. Huvelle