**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
|  | ) |  |
| **MICHELLE WILLIAMS** | ) |  |
|  | ) |  |
| **Plaintiff,** | ) | **Civil Action No. 07-1261 (ESH)** |
|  | ) |  |
| **v.** | ) |  |
|  | ) |  |
| **DISTRICT OF COLUMBIA** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

_____

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### BACKGROUND

Historically, in IDEA cases in this Court, Plaintiff's counsel has often received communications from different attorneys representing the Defendant requesting information regarding administrative proceedings, including the dates of hearings and HODs.[1] Plaintiff's counsel typically responds to such requests within one business day, answering questions and faxing basic documents, out of courtesy and in the interest of expediency.

The Plaintiff filed her Complaint in this case on July 16, 2007. On Friday, July 27, 2007, Defendant's counsel contacted Plaintiff's counsel via e-mail, requesting consent to a two-week extension. Exhibit 3. Plaintiff's counsel consented to the extension, and asked that the Defendant nonetheless order the administrative record as soon as practical.

Defendant's counsel agreed to do so and requested relevant information regarding the case not contained in the Complaint in order to expedite the records request. Exhibit 4. Defendant's counsel requested, <u>inter alia</u>, the date of the Plaintiff's administrative hearing, the

---

[1] For example, in almost every case, Defendant's counsel requests the full name of the child, as that information cannot be stated in the complaint.

name of the attorney-advisor who had represented the District of Columbia Public Schools ("DCPS") at that hearing, and the name of the presiding hearing officer, as well as a copy of the subject Hearing Officer's Determination ("HOD"). The Defendant stated that "[t]he rest of the information I need for the request I got from the Complaint." Id.  On Monday, July 30, 2007, Defendant's counsel received, via facsimile, a copy of the subject HOD in this case. Exhibit 9.

On August 1, 2007 Defendant's counsel telephoned Plaintiff's counsel and presented the Defendant's position that the Complaint was inadequate, in part because it did not adequately identify the HOD that had aggrieved the Plaintiff.[2] See Exhibits 6-8. Plaintiff's counsel disagreed, but the two attorneys discussed the possibility of the Plaintiff amending the Complaint to include the date of the HOD. See id. Defendant's counsel stated that she would later notify Plaintiff's counsel whether such an amendment would satisfy the Defendant, but later Defendant's counsel refused to take a position either way. See Exhibits 6-8.

In the interest of avoiding unnecessary filings, the Plaintiff amended the Complaint as a matter of right on August 9, 2007 to include the dates of the Plaintiff's administrative hearing and written order, information which had, by that time, already been provided to the Defendant.[3] See Exhibits 5, 7, 9. The Defendant has made no further requests for information about J.W. or the administrative proceedings, and has made no indication that there has been any difficulty in obtaining the administrative record.

The Court granted the Defendant's consent motion for the extension. Instead of an answer, on August 27, 2007, the Defendant filed its Motion to Dismiss under Rule 12(b)(1) based on an alleged absence of jurisdiction.

---

[2] Plaintiff's counsel does not typically attach the underlying HOD to an IDEA complaint, as attachments to complaints are disfavored. See LCvR 5.1(g).
[3] "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…" Fed. R. Civ. P. 15(a).

**ARGUMENT**

### I.     THE DEFENDANT HAS KNOWINGLY MADE A FALSE REPRESENTATION TO THE COURT

The falsehood at the heart of the Defendant's Motion – a demonstrably false statement, which the Defendant knew to be false – is plainly stated at the top of page 8 of the Motion: "The Plaintiff has Failed to exhaust her Administrative Remedies." To the contrary, as stated in the Complaint:

> On April 4, 2007, the Plaintiff participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Schools State Enforcement and Investigation Division. In an order dated April 18, 2007, the administrative Hearing Officer granted the Plaintiff some of her requested relief and denied her the relief requested in this Complaint.

Complaint at ¶3; see Exhibits 1, 2; Def.'s Mot. 6.

Almost one month prior to the filing of its Motion, the Plaintiff faxed a copy of the April 18, 2007 HOD to the Defendant at counsel's request. See Exhibits 2, 9. All allegations of the Complaint aside, the Defendant had therefore been aware for at least one month that the Plaintiff had received an adverse administrative decision regarding the claims alleged in her Complaint. See Exhibit 2. Furthermore, the Defendant wholly understood that the April 18, 2007 HOD was the decision relevant to this federal case. See Exhibits 7, 8. Nonetheless, the Defendant brought its Motion under Rule 12(b)(1), asserted that "this Court does not have jurisdiction over the Plaintiff's claims," and falsely represented that the Plaintiff had failed to exhaust her remedies. Def.'s Mot. at 1, 8.

### II.     THE DEFENDANT HAS OFFERED NO SUPPORT FOR ITS RULE 12(b)(1) CLAIM OF LACK OF JURISDICTION

The Defendant has requested dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), but though it bears the burden of production at a minimum, it has

3

offered absolutely no evidence of the absence of jurisdiction, whether for a failure to exhaust or for any other reason.

"Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it…If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1996)(internal citation omitted). The Defendant has made no effort at all to meet that burden in its Motion. Instead, it simply attacks the Complaint.

The Defendant contends that the Plaintiff bears the burden in a Rule 12(b)(1) dispute,[4] but that is true only when the Defendant has properly raised the issue, with some legitimate basis. See KVOS, Inc. v. Associated Press, 299 U.S. 269, 277-78 (1936)( noting that, on motion to dismiss for lack of jurisdiction, "where the allegations…are challenged by the defendant *in an appropriate manner*, the plaintiff must support them by competent proof.")(emphasis added). In this case, there is no shred of evidence, or even an indication of an attempt to find evidence, of the failure to exhaust alleged by the Defendant.

Theoretically, the Defendant might have met its burden in a number of ways. It might have presented the relevant due process complaint and HOD, with an argument that the Plaintiff's current claims were not part of the administrative process. It might have presented an affidavit from an appropriate person stating that no administrative decision had ever been issued regarding this child. It might have presented copies of correspondence to the Plaintiff requesting relevant information, to which the Plaintiff had not responded. The Defendant did not present any such thing to support its claim that the Plaintiff did not exhaust her administrative remedies

---

[4] This belief on the Defendant's part may explain why the Defendant inappropriately brought its Motion under Rule 12(b)(1) instead of under Rule 12(b)(6).

for the very good reason that the Plaintiff did in fact exhaust her administrative remedies.

Because the Defendant has offered no evidence whatsoever in support of its Rule 12(b)(1) claim of lack of jurisdiction, the Court should deny the Motion.

## III.    THE PLAINTIFF APPROPRIATELY PLED HER COMPLAINT

While the Defendant has requested dismissal "pursuant to Fed. R. Civ. P. 12(b)(1)," it has made absolutely no showing of jurisdictional inadequacy. Instead, the Defendant requests dismissal on the grounds of perceived inadequacies in the phrasing of the Plaintiff's Complaint, an argument that must fail for at least two reasons. First, failure to exhaust administrative remedies is an affirmative defense, which the Plaintiff need not plead in the complaint. Second, the Plaintiff was not required to plead jurisdiction with specificity.

### A.  The Failure to Exhaust Administrative Remedies is an Affirmative Defense.

Failure to exhaust administrative remedies is an affirmative defense. See Brown v. Marsh, 777 F.2d 8, 12-13 (D.C. Cir. 1985) ("[T]he district court's discussion appears to place the burden of establishing exhaustion on the plaintiff. This is improper, where, as here, the defendant failed to allege facts reasonably establishing a prima facie showing of nonexhaustion and the relevant records are in the defendant's custody."); see also Jones v. Bock, 127 S. Ct. 910 (2007); Bowden, 106 F.3d 433, 437.

In a closely analogous situation, the Supreme Court has recently stated, unequivocally and unanimously, that "failure to exhaust is an affirmative defense," such that plaintiffs need not "specially plead or demonstrate exhaustion in their complaints." Bock, 127 S. Ct. at 921. In Bock, the Court reviewed a circuit court's judgment interpreting the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997 et seq. ("PLRA"). The circuit court had ruled that the PLRA required prisoners to plead exhaustion of administrative remedies in their federal court

5

complaints.

Lower courts had inferred an exhaustion pleading requirement from language in the PLRA stating that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress had gone further still with regard to prisoner complaints by requiring judicial screening of inmate complaints, which may be dismissed <u>sua</u> <u>sponte</u> absent any responsive pleading. <u>See</u> 28 U.S.C. §§ 1915A(a)-(b).

> Within that context, a unanimous Court rejected the circuit's pleading requirement:
>
> We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.
> ***
> Given that the PLRA does not itself require plaintiffs to plead exhaustion, such a result must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.

127 S. Ct. at 921-22 (internal quotations and citations omitted).

The Defendant has offered absolutely no support for its contention that the Plaintiff must plead exhaustion, much less any reason to change established law. The Defendant's argument for dismissal on that basis is therefore frivolous, and should be rejected.[5]

### B.  There Is No Heightened Pleading Requirement in IDEA Cases.

In its phrasing of many of its alleged insufficiencies, the Defendant seems to assume or suggest that, not only must the Plaintiff plead exhaustion, she must do so with great specificity. That suggestion, which the Defendant has not supported with a single statute, rule, or case, is clearly wrong.

The Supreme Court of the United States has stated – unanimously – that Federal Rule of

---

[5] This ommission by the Defendant is particularly striking given that the Plaintiff cited to these same cases in her opposition to the original motion to dismiss.

Civil Procedure 8(a) means what it says, and that the specificity requirements of Federal Rule of Civil Procedure 9(b) are not subject to enlargement absent an act of Congress. See, e.g., Hill v. McDonough, 126 S. Ct. 2096, 2103 (2006), ("Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts").

The Defendant offers no support for the suggestion that the Plaintiff must plead exhaustion with specificity in order to meet the Federal Rules' requirement that her Complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). Instead, the Defendant relies solely on 20 U.S.C. § 1415(i)(2)(A).

Nowhere in that provision or elsewhere in the IDEA does Congress attempt to establish heightened pleading standards for IDEA civil actions cases. Furthermore, it does not appear that courts have endeavored to establish such heightened requirements, particularly as the Defendant has not cited any authority for its proposed reading. Given the Supreme Court's clear statement on the subject, it is hard to imagine that any court would.

**C.  The Plaintiff Properly Pled This Court's Jurisdiction Under 28 U.S.C. § 1331.**

"This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*" Complaint at ¶ 1. Electing to ignore this sentence, the Defendant challenges the Court's jurisdiction under 28 U.S.C. § 1331, stating that "the Plaintiff has failed to cite any independent federal statute in her jurisdictional paragraph. Accordingly, this Court has no jurisdiction over the Plaintiff's claims, and must dismiss the Complaint." Def.'s Mot. at 5. This argument is simply ridiculous.

Were the Court to assume that the Defendant lacked proper notice of the underlying federal substantive law governing the Plaintiff's complaint, the Defendant's five-page treatment

of IDEA procedures would be mystifying.[6] See Def.'s Mot. at 5-9. However, since the Defendant

was clearly aware of the applicable federal laws, and since the Plaintiff's claims arise under

those laws in the clearest Constitutional sense of that phrase, 28 U.S.C. § 1331 gives this Court

subject matter jurisdiction over the Plaintiff's Complaint: that the District of Columbia Public

Schools ("DCPS") violated the IDEA.

## IV.    DISMISSAL IS AN INAPPROPRIATE REMEDY

The Defendant contends that "[i]n the absence of such showings [that the amended

complaint is an "appeal" of an HOD], this Court is without jurisdiction[.]" Def.'s Mot. at 7. The

Defendant apparently misunderstands the nature of jurisidiction. Jurisdiction exists or it does not;

the Court may rely upon the complaint to make a determination of jurisdiction, but a failing in

the complaint cannot negate jurisdiction if it exists anymore than a failure to contest jurisdiction

can establish it.

Were the Complaint deficient, the Court might dismiss it for failure to state a claim upon

which relief may be granted pursuant to Rule 12(b)(6). The Defendant did not make its Motion

on those grounds, perhaps because it sought to avoid the more lenient standard by which 12(b)(6)

motions are determined.[7] Instead, the Defendant states that "this Court does not have jurisdiction

of Plaintiff's claims" because the Plaintiff failed to exhaust adminstrative remedies, a claim the

Defendant knew to be false.

However, even were the Motion brought under Rule 12(b)(6), and the Defendant's

---

[6] The Defendant incorrectly states in its Motion that the Plaintiff brought her Complaint under IDEIA, the Individuals with Disabilities Education Improvement Act of 2004, the act that amended the Individuals with Disabilities Education Act. That act is the IDEIA, but 20 U.S.C. § 1400 et seq. remains the "Individuals with Disabilities Education Act." See e.g., Jester v. Gov't of the Dist. Of Columbia, 474 F.3d 820, 821 (D.C. Cir. 2007)(referring repeatedly to the requirements of the Individuals with Disabilities Education Act (IDEA)").

[7] "In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Openshaw v. Consol. Eng'g Servs., 2007 U.S. Dist. LEXIS 26280; No. 06-1884 (CKK), Memorandum Opinion at 4 (D.D.C. 2007).

arguments regarding the complaint were meritorious, dismissal would still be an inappropriate remedy for the alleged insufficiencies in the Amended Complaint. <u>See</u> <u>e.g.</u> <u>M.K. v. Tenet</u>, 99 F. Supp. 2d 12, 19 (D.D.C. 2000)("[T]he defendants may move for a more definite statement of the plaintiff's claims under Federal Rule of Civil Procedure 12(e)…Because any indefiniteness can be remedied by this less drastic means, the court declines to dismiss the complaint for indefiniteness at this juncture")(internal citation omitted).

While a motion for a more definite statement would be far more appropriate than the Defendant's groundless request for dismissal, it remains thoroughly unclear just what information the Defendant believes absent from the Plaintiff's Amended Complaint. The bulk of its Motion to Dismiss appears predicated on the false factual assertion that the Plaintiff has failed to exhaust her administrative remedies, yet the Defendant is indisputably aware that this is not the case. The Defendant received the April 18, 2007 HOD long before making the representation to this Court that "it is unclear" that that specific HOD is at issue here.

The Defendant has now moved for dismissal, ignored the facts of this case, and made knowingly false representations in the process. Despite the Court's extension of its time to respond to the Complaint – an extension granted after the Plaintiff consented to an extension to file an answer, not a motion to dismiss – the Defendant has not filed an Answer to the Complaint, and has ignored the substantive validity of the Plaintiff's claims. Under the circumstances of this case, dismissal is inappropriate regardless of the Court's view of the Complaint.

## IV.    THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S COMPLAINT

As addressed above, failure to exhaust is an affirmative defense. As addressed above, the Defendant has offered nothing to raise any question regarding exhaustion. Nonetheless, in the

interest of efficiency the Plaintiff submits Exhibits 1 and 2, which make clear that the Plaintiff

has exhausted her administrative remedies. The Plaintiff brought an administrative complaint

regarding the same claims made in Amended Complaint, and she received an adverse decision.

Respectfully submitted,
/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

### DUE PROCESS COMPLAINT NOTICE
In re J█████ W██████
**January 30, 2007**

| | |
|---|---|
| **Petitioner**: | Michelle Williams |
| **Student**: | J█████ W██████ |
| **DOB**: | ████/00 |
| **Current School**: | Stanton Elementary School ("Stanton ES") |
| **Residence**: | 3340 22ⁿᵈ Street, S.E., Apartment G |
| | Washington, DC 20020 |

**Petitioner's Contact Information for Special Education Purposes**:
Tyrka & Associates, LLC
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations**:

1. Failure to comply with an October 2, 2006 Hearing Officer's Determination ("HOD").
2. Failure to conduct and review current evaluations in all areas of suspected disability.
3. Failure to develop an appropriate individualized education program ("IEP").
4. Failure to provide an appropriate placement.
5. Failure to provide all necessary specialized instruction and related services.

**Facts**:

**Failure to Comply with an October 2, 2006 HOD.**

1. An October 2, 2006 HOD ordered DCPS to:
   a) fund independent psycho-educational, speech and language, and social history evaluations of J█████, if a notice of intent to conduct these evaluations was not sent to counsel for the Petitioner on or before September 25, 2006;
   b) convene a multidisciplinary team ("MDT") meeting within 15 school days of receiving the last of these evaluations to:
      i)   review all current evaluations of J█████,
      ii)  review and revise her IEP as warranted;
      iii) discuss and determine an appropriate placement for the 2006-2007 SY;
      iv)  determine J█████'s eligibility for compensatory education and, if warranted, develop an appropriate compensatory education plan.
2. DCPS did not send a notice of intent to conduct psycho-educational, speech and language, and social history evaluations of J█████ to counsel for the Petitioner on or before September 25, 2006.
3. DCPS received an independent:
   a) psycho-educational evaluation of J█████ on November 1, 2006;

**Exhibit 1**

    b) social history evaluation of J█████ on November 1, 2006;
    c) speech and language evaluation of J█████ on December 20, 2006.
4. DCPS:
    a) did not convene an MDT on or before January 24, 2006;
    b) has not complied with all of the terms and conditions prescribed in the October 2, 2006 HOD.

**Failure to Conduct and Review Evaluations in All Areas of Suspected Disability.**

5. The Petitioner initially requested that J█████ be referred for evaluations to determine his eligibility for special education and related services during the 2004-2005 SY.
6. █████'s independent psycho-educational evaluation recommends current vision and hearing exams.
7. DCPS has never conducted current vision and hearing exams of J█████.
8. Current hearing and vision exams of J█████ are warranted.
9. J█████'s independent speech and language evaluation recommends a current audiological exam.
10. DCPS has never conducted a current audiological exam of J█████.
11. A current audiological exam of J█████ is warranted.

**Failures to Develop an Appropriate IEP and to provide necessary specialized instruction and related services.**

12. J█████ has been eligible for special education and related services since the 2004-2005 SY.
13. J█████'s independent psycho-educational evaluation:
    a) notes that J█████'s current teacher, Ms. Thomas, believes that he "is 'totally lost' in the first grade and requires an exceptional amount of one-on-one instruction in order for him to grasp basic academic concepts[;]"
    b) provides current diagnoses of Mixed Receptive-Expressive Language Disorder (By History) and Mild Mental Retardation;
    c) recommends a current disability classification of Mentally Retarded ("MR").
14. J█████'s independent psycho-educational evaluation recommends one-on-one tutoring in twice-weekly, 45 minute sessions to address his academic delays.
15. J█████'s independent speech and language evaluation recommends therapy in twice-weekly, 30 minute sessions.
16. DCPS has never developed an IEP for J█████.
17. A current IEP for J█████ is warranted.

**Failure to Provide an Appropriate Placement.**

18. J█████ has been attending Stanton ES since the 2004-2005 SY.
19. J█████'s independent psycho-educational evaluation recommends "placement in a separate, structured classroom for his academic subjects with a low teacher-student ration (8-10 students – 1 teacher/1 aide)."
20. DCPS has never provided J█████ with an appropriate special education placement.
21. The Petitioner is referring J█████ for admission into appropriate private placements.

**Proposed resolution:**

1. DCPS immediately to:
   a) fund and place J████ at an appropriate private school of the Petitioner's choosing with transportation;
   b) fund current hearing and vision exams and an audiological evaluation of J████, at market rates.
2. DCPS to convene an MDT meeting within 10 days of receiving the last of J████'s independent evaluations to:
   a) review all current evaluations of J████;
   b) develop an appropriate IEP;
   c) develop an appropriate compensatory education:
      i) per the terms of the October 23, 2006 HOD;
      ii) additionally, to compensate J████ for its failure to:
         (1) comply with the October 2, 2006 HOD, per the terms of the <u>Blackman-Jones</u> Consent Decree;
         (2) conduct and review current evaluations of J████ in all areas of suspected disability since the 2004-2005 SY;
         (3) develop an appropriate IEP for J████ since the 2004-2005 SY;
         (4) provide J████ with any specialized instruction or related services since the 2004-2005 SY;
         (5) provide J████ with an appropriate placement since the 2004-2005 SY;
3. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that the entire IEP Team and a representative of the LEA with authority to:
   a. immediately:
      i. fund and place J████ at an appropriate private school of the Petitioner's choosing with transportation;
      ii. fund current hearing and vision exams and an audiological evaluation of J████, at market rates.
   b. convene an MDT meeting within 10 days of receiving the last of J████'s independent evaluations, and
   c. negotiate attorneys' fees for work performed prior to the resolution meeting
   is a necessary attendee at any resolution meeting.
2. If these individuals are not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individuals is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Student Hearing Office

*Fax Number:*

*From:*      Douglas Tyrka

*Regarding:*      J████ W████

*# of pages:*      5

*Notes:*      Due Process Complaint

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
TRANSMISSION VERIFICATION REPORT
```

```
                                          TIME  : 01/30/2007 14:56
                                          NAME  : TYRKA & ASSOCIATES
                                          FAX   : 2022654264
                                          TEL   : 2022654260
                                          SER.# : 000A6J693992
```

```
  DATE,TIME              01/30  14:54
  FAX NO./NAME           SHO
  DURATION               00:01:25
  PAGE(S)                05
  RESULT                 OK
  MODE                   STANDARD
                         ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Student Hearing Office

*Fax Number:*

*From:*           Douglas Tyrka

*Regarding:*      J█████ W█████

*# of pages:*     5

*Notes:*          Due Process Complaint

District of Columbia Public Schools
*State Enforcement Investigative Division*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 18, 2007

TO: Douglas Tyrka

FROM: STUDENT HEARING OFFICE

RE: W████, J█████

TOTAL NUMBER OF PAGES, INCLUDING COVER: 10

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

**Exhibit 2**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of J████ W██████ )<br>Date of Birth: ████████, 2000 )<br>("Student") )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br> )<br>District of Columbia Public Schools )<br>("DCPS" or "District") )<br>School: Stanton ES )<br>Respondent. )<br> )<br> ) | **IMPARTIAL DUE PROCESS**<br><br>**HEARING OFFICER'S DECISION**<br><br>Hearing Date: April 4, 2007<br><br>Held at: 825 North Capitol St. NE<br>Washington, DC |

Counsel for Student:

Douglas Tyrka, Esq.
1726 Connecticut Ave., NW #400
Washington, DC 20009

Counsel for DCPS:

Daniel McCall, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC 20002

## JURISDICTION:

A Due Process Hearing was convened on April 4, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed January 31, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of JW   HOD: April 18, 200

## DISPOSITION OF PRE-HEARING MOTIONS:

Parent's counsel filed the due process complaint January 30, 2007, alleging, inter alia, DCPS failed to timely comply with the October 3, 2006, HOD. DCPS did not file a timely response to the due process complaint but on March 30, 2007, three business days prior to the due process hearing, DCPS filed a response to the complaint and two motions to dismiss: (1) a motion to dismiss the complaint on jurisdictional grounds claiming the due process hearing was not the proper forum to seek enforcement of a HOD, and (2) a motion to dismiss alleging the parent refused provide initial consent for DCPS to provide special education services to the student.

The Hearing Officer denied DCPS' second motion to dismiss as untimely filed under the DCPS Student Hearing Office Standard Operating Procedures (SOP) which requires motions be filed in writing five business days prior the due process hearing. However, the Hearing Officer indicated that the motion to dismiss based on jurisdictional grounds would be taken under advisement and decided in this written HOD.

The complaint alleges, in addition to claim that DCPS did not comply with the HOD, DCPS failed to provide the student an appropriate placement and services. The claims made in the complaint relate to an alleged continuing violation by DCPS and in the Hearing Officer's opinion amounts to a separate and distinct allegation of a denial of FAPE. It is within a Hearing Officer's express authority to determine whether there has been a denial of FAPE. The Hearing Officer concludes the due process hearing is a valid forum for adjudicating a violation of a HOD and continuing violations arising therefrom. In addition, a complaint alleging a failure to comply with a HOD is a legitimate forum in which a party can perhaps seek an additional and distinct form of relief than was granted by an original HOD. It is within in a Hearing Officer's inherent authority to fashion a remedy for an alleged denial of FAPE. Therefore, the due process hearing should have and did proceed.

On March 28, 2007, the parent's counsel filed a motion for default judgment for DCPS' failure to file a response to the due process complaint. IDEIA is silent as to the proper remedy for the failure by a LEA to file a response to the complaint. DCPS cited the comments of the IDEIA regulations in support of its assertion that failure to file a response to a due process complaint, and/or failure to send a prior written notice(s), does not warrant a default decision[1] The Hearing Officer is convinced that granting of a default for DCPS' failure to file a response to complaint is clearly not mandated. Despite the fact that DCPS did not file a timely response and attempted to file a response with its second motion to dismiss on March 30, 2007, the Hearing Officer concludes a default judgment is not appropriate in this case where there has been no showing of harm to the student or parent by the failure to file a timely response. Therefore, the Hearing Officer denies the motion for default judgment.

---

[1] Federal Register Vol. 71 No. 156, Page 46699, Monday, August 14, 2006 - Rules and Regulations- Questions/Answer Section - middle column.

(In the Matter of JW  HOD: April 18, 20

A day prior to filing the motion for default the parents' counsel filed a motion for summary adjudication asserting the facts were undisputed that DCPS did not comply with the October 3, 2006, HOD. The Hearing Officer denied the motion for summary adjudication and proceeded with the due process hearing.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (JW 1-11 and DCPS 1-12) which were admitted into the record.

## FINDINGS OF FACT [2]:

1. The student is currently age seven and attends Stanton Elementary School (Stanton) in the first grade. (DCPS 8)

2. A Hearing Officer's Determination (HOD) was issued in October 3, 2006, which directed DCPS to send the parent a notice of intent to conduct evaluations on or before September 25, 2006, and to conduct the evaluations listed in the HOD within thirty (30) calendar days of the issuance of the HOD. The HOD authorized the parent to obtain independent evaluations with DCPS funding if the evaluation were not conducted timely. (JW 3)

3. Pursuant to the HOD DCPS was to convene a multidisciplinary team (MDT) eligibility meeting within fifteen (15) school days of the completion of evaluations or the receipt of the last of the independent evaluations. (JW 3)

4. On December 20, 2006,[3] the parent's counsel sent DCPS the last of the independent evaluations. Pursuant to the October 3, 2006, HOD DCPS was to have convened the MDT meeting no later than January 25, 2007. (JW 6, 7, 8)

5. On January 30, 2007, the parent's counsel filed the due process complaint alleging DCPS has failed to timely comply with HOD and failed to provide the student an appropriate placement and services. (JW 4)

6. On February 1, 2007, DCPS sent the parent and her counsel a letter of invitation to convene the MDT/eligibility meeting. The date agreed upon for the meeting was February 12, 2007. (DCPS 2)

---

[2] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[3] DCPS asserted the last evaluation was not received by DCPS on December 20, 2006, but on a later date. The parent's counsel disclosed a letter which refutes an assertion by Stanton's SBC that the last evaluation was not faxed to the correct DCPS telephone number. Consequently, the Hearing Office found the last evaluation was received by DCPS on December 20, 2006.

7. On February 12, 2007, DCPS convened a MDT meeting. The parent's educational advocate attended the meeting and the parent participated by telephone. The MDT found the student eligible for special education services with a disability classification of mental retardation (MR). The MDT drafted an individualized educational program (IEP) which prescribed 20 hours of specialized instruction and 1 hour of speech language weekly and determined the IEP could be implemented at Stanton. The parent did not agree with the IEP but indicated she wanted the services in the IEP implemented. The MDT also determined additional evaluations of the student would be conducted. (DCPS 5, 8)

8. The student has been accepted to Rock Creek Academy (Rock Creek). Rock Creek is a full time special education placement and can provide the student specialized instruction and related services prescribed by the student's IEP. A classroom has been identified for the student with a certified special education teacher and two other students. Rock Creek also has a certified speech/language service provider. (Ms. Webb's testimony, JW 10)

## ISSUE(S): [4]

Did DCPS deny the student FAPE by:

1. Failing to timely comply with the HOD?
2. Failing to conduct a review of the student evaluations, develop an IEP, provide an appropriate placement and provide appropriate specialized instruction and related services?

## CONCLUSIONS OF LAW:

Pursuant to IDEIA §1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA §1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief.[5] In this case the parent is seeking relief and has the burden of proof that the action

---

[4] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

(In the Matter of JW  HOD: April 18, 20 .

and/or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

**1. Did DCPS deny the student FAPE by failing to timely comply with the HOD? Conclusion: The parent's counsel sustained the burden of proof.**

The evidence indicates that DCPS received the last of the student's independent evaluations on December 20, 2006. Pursuant to the October 3, 2006, HOD, DCPS was to have convened the eligibility meeting no later than January 25, 2007. Because the meeting was not convened timely the student's eligibility determination and provision of special education and related services were delayed. There is sufficient evidence the parent consented to the services being provided at the MDT/IEP meeting although she did not agree with and refused to sign the IEP. The Hearing Officer concludes the student was harmed by the delay in provision of services and was denied FAPE.

**2. Did DCPS deny the student FAPE by failing to conduct a review of the student evaluations, develop an IEP, provide an appropriate placement and provide appropriate specialized instruction and related services?**

**Conclusion: The parent's counsel did not sustain the burden of proof.**

The evidence indicates that although the student's eligibility determination was delayed DCPS has not reviewed the student's independent evaluations, developed an IEP and indicated that the services can be provided at Stanton. Therefore, the Hearing Officer concludes DCPS did not deny the student FAPE in this regard.

Although the parent's counsel presented evidence that Rock Creek Academy can implement the student's IEP and presumably provide the student educational benefit the Hearing Officer does not consider the placement of the student at Rock Creek to be an appropriate remedy for the delay in the eligibility determination and offering of services cited above.

**ORDER:**

1. DCPS shall, within sixty (60) calendar days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to discuss compensatory education and develop a compensatory education plan for the delay in provision of specialized instruction and related services from January 25, 2007, through February 12, 2007.

2. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

---

[5] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

5

(In the Matter of JW   HOD; April 18, 20

3. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: April 18, 2007**

Issued: 4/18/07

6

(In the Matter of JW   HOD: April 18, 20(

In the MATTER OF J███ W█████ V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| MH 1-3 | Parent's Disclosures | Yes |
| DCPS 1-4 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

7

(In the Matter of JW  HOD, April 18, 20(

In the MATTER OF J▮▮▮ W▮▮▮▮ V. DCPS

RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/31/07 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 3/14/07 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |

8

(In the Matter of JW   HOD: April 18, 2(

# INDEX OF NAMES

## In the MATTER OF J____ W____ V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Rock Creek Academy | Ms. Toni Webb * |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Douglas Tyrka, Esq. |
| School System's Representative | Daniel McCall, Esq. |
| Parent's Educational Advocate | |
| | |
| | * Testified by telephone |

9

From: tyrka@tyrkalaw.com [mailto:tyrka@tyrkalaw.com]
>> Sent: Friday, July 27, 2007 4:16 PM
>> To: Miller, Eden (OAG)
>> Subject: Re: Williams v. DC
>>
>> Sure - no problem. I'd appreciate it if you could order the record ASAP,
>> though.
>>
>> Miller, Eden (OAG) writes:
>>
>>> Hi, Doug:
>>>
>>>
>>>
>>> Would you consent to a two week extension of time for me to file my
>> response
>>> to the complaint?  I need some more time to get information from DCPS.
>>> Although the mayor was served on 7/16, the OAG didn't receive a copy
>>> until
>>> 7/23 (and I was assigned to the case 7/25).
>>>
>>>
>>>
>>> Thank you,
>>>
>>> Eden
>>>
>>>
>>>
>>> Eden I. Miller, Esq.
>>>
>>> Assistant Attorney General
>>>
>>> Office of the Attorney General for the District of Columbia
>>>
>>> Civil Litigation Division, Equity 2 Section
>>>
>>> 441 Fourth St., N.W. Sixth Floor South
>>>
>>> Washington, D.C. 20001
>>>
>>> (202) 724-6614 (phone)
>>>
>>> (202) 727-3625 (facsimile)
>>>
>>>
>>>
>>> Confidentiality Notice
>>>
>>> This message is being sent by or on behalf of a lawyer. It is intended
>>> exclusively for the individual or entity to which it is addressed. This
>>> communication may contain information that is proprietary, privileged or
>>> confidential or otherwise legally exempt from disclosure. If you are not
>> the
>>> named addressee, you are not authorized to read, print, retain, copy or
>>> disseminate this message or any part of it. If you have received this
>>> message in error, please notify the sender immediately by e-mail and
>> delete
>>> all copies of the message.

**Exhibit 3**

> From: "Miller, Eden (OAG)" <Eden.Miller@dc.gov>
> To: <tyrka@tyrkalaw.com>
> Sent: Friday, July 27, 2007 4:31 PM
> Subject: RE: Williams v. DC
>
>
>> Thanks, Doug.
>>
>> I'm waiting on some basic information before I can send my record request
>> to
>> the SHO. Maybe you can help expedite this, so that I can send the
>> request
>> out either tonight or first thing Monday morning. Can you send me the
>> subject HOD (my fax is: 727-3625)? Specifically, I need to know:
>>
>> 1. What is the date of the hearing?
>> 2. Who is the DCPS attorney advisor who worked on the case?
>> 3. Who is the hearing officer?
>> 4. Who is counsel for the student? (You?)
>>
>> The rest of the information I need for the request, I got from the
>> Complaint.
>>
>> Thanks,
>> Eden
>>
>> Eden I. Miller, Esq.
>> Assistant Attorney General
>> Office of the Attorney General for the District of Columbia
>> Civil Litigation Division, Equity 2 Section
>> 441 Fourth St., N.W. Sixth Floor South
>> Washington, D.C. 20001
>> (202) 724-6614 (phone)
>> (202) 727-3625 (facsimile)
>>
>> Confidentiality Notice
>>
>> This message is being sent by or on behalf of a lawyer. It is intended
>> exclusively for the individual or entity to which it is addressed. This
>> communication may contain information that is proprietary, privileged or
>> confidential or otherwise legally exempt from disclosure. If you are not
>> the
>> named addressee, you are not authorized to read, print, retain, copy or
>> disseminate this message or any part of it. If you have received this
>> message in error, please notify the sender immediately by e-mail and
>> delete
>> all copies of the message.

**Exhibit 4**

From: "Douglas Tyrka" <tyrka@tyrkalaw.com>
To: "Miller, Eden (OAG)" <Eden.Miller@dc.gov>
Sent: Friday, July 27, 2007 6:47 PM
Subject: Re: Williams v. DC


> I'm not in the office at the moment, and I won't be on Monday. I can
> answer all of the questions other than the hearing date from memory. I'm
> sending the rest to my office, so they can respond Monday.
>
> Hearing Officer: Ruff
> Parent's Counsel: me
> OGC: McCall
>
> I'm pretty sure the hearing was in March or April.
>
> - Doug
> _____
> This electronic message transmission contains information from the law
> office of Douglas Tyrka which may be confidential or privileged. The
> information is intended to be for the use of the individual or entity
> named above. If you are not the intended recipient, be aware that any
> disclosure, copying, distribution or use of the contents of this
> information is prohibited.
>
> If you have received this electronic transmission in error, please notify
> us by telephone (202-332-0038) or by electronic mail (mail@tyrkalaw.com)
> immediately.

**Exhibit 5**

**From:** Miller, Eden (OAG)
**To:** 'tyrka@tyrkalaw.com'
**Sent:** Wednesday, August 01, 2007 6:01 PM
**Subject:** Williams v. DC

Hi, Doug:


I wanted to get back to you about our conversation this morning. Because I don't think it's my place to tell you how to litigate your case, I'll let you decide whether you need to amend your complaint, and if so, how. My purpose for calling this morning was just to give you the heads up that I don't believe your complaint on its face conveys what you seem to think it does. In the absence of an amended complaint, I'd expect to file a dismissal motion no later than 8/20/07 based on the content of the complaint. If you amend the complaint in the interim, of course, I'll review that filing to see if such a motion is still appropriate.



Thank you,

Eden




Eden I. Miller, Esq.

Assistant Attorney General

Office of the Attorney General for the District of Columbia

Civil Litigation Division, Equity 2 Section

441 Fourth St., N.W. Sixth Floor South

Washington, D.C. 20001

(202) 724-6614 (phone)

(202) 727-3625 (facsimile)


**Confidentiality Notice**

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Exhibit 6

**From:** Douglas Tyrka
**To:** Miller, Eden (OAG)
**Sent:** Thursday, August 02, 2007 3:37 PM
**Subject:** Re: Williams v. DC

Hi Eden

You appear to have changed your position, so I want to make sure that I'm clear. My understanding from our conversation yesterday was that you would consider/check whether an amendment adding the HOD date to the jurisdiction paragraph would satisfy you, and would let me know if that was the case. I was more or less willing to make that change to avoid wasteful filings.

I haven't heard word from you on that, and I can't quite tell if you're saying either way, now. Your point may be that you do not want to say either way.

I appreciate your call before a filing, but it still seems to me to be a lot of wasteful work to argue a motion to dismiss if that one change would satisfy you. Right now I'm left guessing.

Since you do now understand - as you expressed to me on the phone - that the complaint results from my client having been aggrieved by the April 2007 HOD, I can't see you getting anything more out of this than possibly an order for me to amend the complaint. Given that, and that you no longer seem to be taking a position as to what amendment would satisfy you, I've lost the point.

All that being the case, I don't plan to amend unless you let me know what it is that you do not understand or in what way you think I've failed to state an IDEA claim, so you may not want to bother waiting to file.

- Doug

This electronic message transmission contains information from the law office of Douglas Tyrka which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (202-332-0038) or by electronic mail (mail@tyrkalaw.com) immediately

**Exhibit** 7

**From:** Miller, Eden (OAG)
**To:** 'Douglas Tyrka'
**Sent:** Thursday, August 02, 2007 4:33 PM
**Subject:** RE: Williams v. DC

Hi, Doug:


Thank you for your response.  You've understood me correctly-upon reflection, I don't think it's my place to tell you how to plead your case.  As I advised you when we spoke, whether you intended it or not, the complaint on its face doesn't indicate that the action is an appeal of an HOD in April, or any other time.  If you are not planning to amend your complaint, I will most likely proceed with my motion.  I still need until 8/20/07, as you graciously consented to previously, to respond to the complaint, be it an answer or a motion.



Thank you,

Eden


Eden I. Miller, Esq.

Assistant Attorney General

Office of the Attorney General for the District of Columbia

Civil Litigation Division, Equity 2 Section

441 Fourth St., N.W. Sixth Floor South

Washington, D.C. 20001

(202) 724-6614 (phone)

(202) 727-3625 (facsimile)


**Confidentiality Notice**

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


**Exhibit 8**

TRANSMISSION VERIFICATION REPORT

```
TIME  : 07/30/2007 18:14
NAME  : TYRKA & ASSOCIATES
FAX   : 2022654264
TEL   : 2022654260
SER.# : 000A6J693992
```

```
DATE,TIME         07/30  18:10
FAX NO./NAME      2027273625
DURATION          00:03:05
PAGE(S)           11
RESULT            OK
MODE              STANDARD
                  ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Assistant Attorney General Eden Miller

*Fax Number:*     202- 727-3625

*From:*           Douglas Tyrka

*Regarding:*      Williams v. D.C.

*# of pages:*     11

*Notes:*          Subject HOD

– **Exhibit 9**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **MICHELLE WILLIAMS** | ) |
| | ) |
| | ) |
| **Plaintiff,** | )     **Civil Action No. 07-1261 (ESH)** |
| | ) |
| **v.** | ) |
| | ) |
| **DISTRICT OF COLUMBIA** | ) |
| | ) |
| **Defendant.** | ) |
_____)

**<u>ORDER</u>**

On consideration of the Plaintiff's Opposition to the Defendant's Motion to Dismiss, it is

hereby

ORDERED that the Defendant's Motion to Dismiss is **DENIED.**


                                      _____
                                        Ellen Segal Huvelle
                                        United States District Judge