UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE WILLIAMS, <br> Mother and Next Friend of J.W., a Minor <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-1261 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S AUGUST 27, 2007, MOTION TO DISMISS**

**INTRODUCTION**

On August 16, 2007, the Plaintiff filed her Amended Complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA").[1]  Complaint, at ¶ 1.  The Defendant filed its Motion to Dismiss on August 27, 2007, pursuant to Fed. R. Civ. P. 12(b)(1).  The Plaintiff then filed her Opposition on September 7, 2007, and the Defendant here replies to that Opposition.

**ARGUMENT**

In its Motion, the District demonstrated that, based on the face of the Amended Complaint, the Plaintiff has failed to state a cause of action, and the Court is without jurisdiction to entertain this suit.  The IDEIA provides specific procedures for

---

[1] The Plaintiff wrongly criticizes the Defendant's use of the acronym "IDEIA" rather than "IDEA" for the statute at issue. Opposition, at 8, Fn. 6.  Both acronyms are correct, and the Defendant has no objection to the Court or the Plaintiff using whatever abbreviation they prefer.  The Defendant notes that: (1) Section 1 of the wholesale 2004 reenactment of the earlier statute states that "[t]his Act may be cited as the 'Individuals with Disabilities Education Improvement Act of 2004,'" 108 Pub. Law 108-446; 118 Stat. 2647 (2004), and (2) Judge Lamberth and others in this jurisdiction have used "IDEIA." E.g., *Robinson v. District of Columbia,* Civ. No. 06-1253 (D.D.C. Aug. 2, 2007).

challenging District of Columbia Public Schools ("DCPS") decisions regarding special education. The administrative process described in the statute results in an evidentiary administrative hearing before an impartial hearing officer, who issues a written decision at the conclusion of the hearing. Only if a party is aggrieved by a decision of the hearing officer is review proper in this Court. 20 U.S.C. § 1415 (i)(2)(A).

To establish an entitlement to court review under the IDEIA, the Plaintiff here is required to identify the way she is aggrieved by the Hearing Officer's Decision ("HOD") and the legal or factual errors she alleges were made at the administrative level. The Plaintiff's counsel failed to do so—and steadfastly refuses to do so—even in opposition to the District's pending motion to dismiss.

Here, the Plaintiff in her Opposition, as well as in her Amended Complaint, states only that:

> On April 4, 2007, the Plaintiff participated in an administrative hearing of the claims made in this Complaint conducted by the District of Columbia Schools State Enforcement and Investigation Division. In an order dated April 18, 2007, the administrative Hearing Officer granted the Plaintiff some of her requested relief and denied her the relief requested in this Complaint.

Complaint, at ¶ 3; Opposition, at 3. This statement alone does not confer jurisdiction—it gives no clue to the Defendant or the Court as to how the Plaintiff is aggrieved by the HOD, nor does it put the Defendant on notice of the legal or factual findings with which the Plaintiff takes issue.[2]

---

[2] Without such notice, the Defendant cannot assess the character of the issues involved, adequately prepare its defenses, and/or entertain settlement discussions with the Plaintiff.

2

I.	**The Plaintiff's Allegations of Impropriety**

Plaintiff suggests that since defense counsel knew of the existence of the April 18, 2007 HOD, the Defendant "has knowingly made a false representation to the Court" because the Defendant argues that the mere existence of such an HOD does not correct the deficiencies of the Amended Complaint.  Opposition, at 3.  Plaintiff's counsel appears to misunderstand both the District's position and his own pleading obligations.  The fact that a defendant is aware of facts not setout in a complaint does not render an otherwise defective complaint proper.

Further, while the Defendant is aware of the April 18, 2007 HOD, the Amended Complaint gives no clue as to how the April 18, 2007 HOD relates to this case.  Making the basis of the Complaint even more oblique, the Plaintiff references *another* HOD, dated October 2, 2006, in her Amended Complaint, and seeks relief apparently related to that earlier HOD.  For example, Relief Request No. 1 asks this Court to:

> declare that DCPS violated the IDEA and an October 2, 2006 [HOD] by failing to develop an appropriate individualized education program ("IEP"), failing to determine an appropriate special education program, and failing to determine an appropriate compensatory education plan.

Complaint, at page 4.  As indicated above, nowhere in the Amended Complaint does the Plaintiff indicate what, if any, challenges she has to the April 18, 2007 HOD, or how that decision aggrieved her—which are basic requirements for jurisdiction under the IDEIA.  Simply mentioning a second HOD in passing does not demonstrate the jurisdictional

3

requirements for bringing this action in this Court.[3]

The Plaintiff also wrongly implies that because the undersigned counsel asked for and received additional information about the case in order to request the administrative record from DCPS, the Defendant obtained all of the information it needed to glean the Plaintiff's cause of action. Opposition, at 2. The Plaintiff fails to understand that the sufficiency of the Complaint must be "gleaned" from its face, not from what the Defendant may or may not know, or think it knows, about the case. In any event, the additional information provided to the undersigned counsel did not clarify the allegations in the Complaint, and prompted the undersigned counsel to contact Plaintiff's counsel, as a courtesy, about possible insufficiencies. Opposition, at Exhibits 3-9.

## II.     **The Defendant has offered ample support for its claim of lack of jurisdiction.**

The Amended Complaint herein, on its face, *does not* (among other things): (1) demonstrate jurisdiction under the IDEIA; (2) assert that the Plaintiff was aggrieved by any identified ruling; (3) identify any particular factual findings or legal conclusions within an identified HOD that the Plaintiff challenges, and (4) does not in its prayer for relief seek a reversal of any provision of any HOD. The Plaintiff has presented no cause of action cognizable in this Court under the IDEIA. Nor does the Amended Complaint establish subject matter jurisdiction on any other basis.

---

[3] The April 18, 2007 HOD addressed compliance with the October 2, 2006 HOD and "continuing violations arising therefrom." Opposition, Exhibit 2, HOD, at 2. According to the HOD, prior to the due process hearing, DCPS came into compliance with the October 2, 2006 HOD, developed an IEP, and indicated that Stanton Elementary School could implement the IEP. Id., at 3-5. The HOD awarded the Plaintiff a month of compensatory education for DCPS' month-late compliance with the October 2, 2006 HOD. Thus, it appears that the present case is not really to implement the October 2, 2006 HOD, but to challenge the new IEP and placement in the first instance. As such, the Plaintiff apparently has not exhausted her administrative remedies by utilizing the IDEIA procedures. If she has, it is not clear from either the original or Amended Complaint.

Rather, the Amended Complaint asserts a series of violations of the IDEIA by DCPS, and requests—on even the most deferential reading of the plain words of the Amended Complaint—that this Court determine in the first instance that certain actions or inactions by DCPS were in violation of its IDEIA responsibilities. The IDEIA requires that these issues must be addressed in the first instance at an administrative hearing prescribed by the IDEIA. To the extent the Plaintiff seeks a first consideration of such matters in this Court she has failed to show an exhaustion of administrative remedies.

The Plaintiff's Opposition devotes itself, not to the adequacy of the Amended Complaint, but to what the Defendant should have understood the Amended Complaint to really mean, how Defendant's counsel should have assisted Plaintiff's counsel in rectifying the Amended Complaint's deficiencies, and further, gratuitously chastises the Defendant's use of words and citation forms.

Much of the Opposition's unrestrained rhetoric is purely distraction, and the Defendant will not respond in kind. The issue remains not what Plaintiff's counsel may have intended, but what the Amended Complaint actually contained. The Opposition does not dispute that the IDEIA specifically permits only judicial review of HODs by parties aggrieved thereby.[5] The Opposition does not contend that the Amended

---

[5] The Plaintiff does not explain on what basis this Article III Court *would* have jurisdiction concerning asserted IDEIA violations if not under the IDEIA itself. While certainly a Civil Rights Act Section 1983 violation might be asserted if there were alleged a custom and practice of IDEIA statutory violations, no such claim is made here. In this same regard, the Opposition asserts that, "since the Defendant was clearly aware of the applicable federal laws, and since the Plaintiff's claims arise under those laws in the clearest Constitutional sense of that phrase, 28 U.S.C. § 1331 gives this Court subject matter jurisdiction of the Plaintiff's Complaint: that the District of Columbia Public Schools ("DCPS") violated the IDEA." Opposition, at 8. But in fact, the IDEIA does not convey jurisdiction to entertain suits generally asserting that DCPS has violated the IDEIA; it establishes jurisdiction to review HODs challenged by aggrieved parties—none of which is reflected in the captioned Amended Complaint.

5

Complaint anywhere asserts that the Plaintiff was aggrieved by an identified HOD, much less does it specify any findings or conclusions in any such administrative decision that are being challenged here.

Indeed, even though the recitations of the Opposition cannot alter the Amended Complaint, the Opposition itself still does not identify any portions of any HOD said to have been improperly arrived at by an administrative hearing officer. Instead, the Opposition basically contends that the Amended Complaint should not be dismissed, not because on its face it adequately expresses a judicially cognizable action, but because the necessary details were available, and if Defendant's counsel had further researched the matter, or telephoned, or e-mailed Plaintiff's counsel, the Defendant could have figured out what the Plaintiff had in mind. Opposition, at 1-2.[6]

The Defendant acknowledges the liberal rules of pleading construction. But there is nonetheless a minimum that must be expressed in a complaint in order to establish the Court's jurisdiction. And the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, No. 05-1126, slip op. (May 21, 2007), makes clear that indeed there is a need for a measure of clarity and detail required in complaints. In the Defendant's view, and as explained in its Motion, the Complaint herein lacks any of the minimum clarity necessary to withstand dismissal for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint on its face is insufficient and the Defendant's Motion should be granted. In the alternative, should the Court not dismiss the Amended Complaint, it should require the Plaintiff to file a second Amended

---

[6] As indicated in the Plaintiff's Opposition and above and although not required to do so by the Court rules, the undersigned counsel notified Plaintiff's counsel of the possible deficiency of the original Complaint.

Complaint, which, at a minimum, identifies the particular HOD that is being appealed, and specifically identifies the findings of fact and/or conclusions of law of the HOD being challenged.

                                          Respectfully submitted,

                                          LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich [RCU]**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)

September 17, 2007                  E-mail: Eden.Miller@dc.gov