## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

MICHELLE WILLIAMS    )
    **Plaintiff,**   )
          )  **Civil Action No. 07-1261**
v.          )  **ESH**
          )
**DISTRICT OF COLUMBIA**  )
    **Defendant.**  )
_____)

## REPORT OF PARTIES UNDER LOCAL RULE 16.3

**Plaintiff's Statement of the Case**

  The Plaintiff brought her case under the federal Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.*, on behalf of her minor son J.W.. The Plaintiff seeks a declaratory judgment and an injunction ordering the District of Columbia Public Schools ("DCPS") to fund her son's placement at Rock Creek Academy, a private school, and to convene an individualized education plan ("IEP") meeting to accomplish particular objectives.

  On October 2, 2006, DCPS was found to have denied J.W. free appropriate public education ("FAPE") by failing to conduct warranted evaluations, failing to convene a placement meeting, and failing to determine an appropriate educational placement, and was ordered, inter alia, to convene a multidisciplinary team ("MDT") meeting within 15 days of receiving certain independent evaluations, and at that meeting to review all current evaluations, review and revise J.W.'s IEP, discuss and determine an appropriate educational placement for the 2006-2007 school year, and develop a compensatory education plan if compensatory education was warranted.

After receiving the independent evaluations, DCPS failed timely to convene a meeting. Since that time, DCPS has continued to fail to develop an appropriate IEP for J.W., to determine an appropriate special education placement for J.W., and to determine J.W.'s eligibility for compensatory education.

In light of those failures, the Plaintiff obtained an acceptance for J.W. at Rock Creek Academy ("Rock Creek"), a full-time special education placement appropriate for J.W.. The Plaintiff filed a due process complaint to obtain funding for that placement, an appropriate placement, and other relief.

Following the filing of the due process complaint, DCPS failed to file a response explaining their decisions in detail, as required by 20 U.S.C. § 1415(c)(2)(B)(i)(I). Prior to the due process hearing, DCPS failed to respond to the Plaintiff's request for access to J.W.'s school records.

Prior to the hearing, the Plaintiff filed a motion for a default and a motion for summary adjudication. DCPS failed to file an opposition to either motion.

At the hearing, the Hearing Officer declined to rule on the Plaintiff's motions and refused to take any action to protect the Plaintiff from prejudice resulting from DCPS' total failure to comply with IDEA due process procedures. In the written decision, the Hearing Officer denied the motions and denied the Plaintiff most of the relief she had requested, including the relief requested from this Court.

**<u>Defendant's Statement of the Case</u>**

This case seeks review of an administrative decision under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

The Defendant believes that the District of Columbia Public Schools and the independent hearing officer who issued the subject administrative decision have acted consistently with the IDEIA.

**Parties' Proposed Schedule**

The Parties have conferred regarding scheduling, and state as follows:

1.    The Parties expect the case to be resolved by dispositive motion.

2.    The Parties have attempted to narrow the issues in dispute, but have failed to do so.

3.    The Parties do not wish the case to be referred to a magistrate judge.

4.    The Parties have discussed settlement. The Parties do not believe that settlement is likely, though it remains possible.

5.    The Parties do not think that this case would benefit from ADR.

6.    The Parties do not agree on a proposed schedule.

In order to negate the need to wait for the administrative record, the Plaintiff intends to file a motion for summary judgment in the next few days on the limited issue of the Hearing Officer's denial of the Plaintiff's motion for default. In the event that the Court denies that motion, the Plaintiff proposes the following deadlines:

    a.   November 5, 2007 – administrative record and transcript filing by Defendant;

    b.   December 6, 2008 – Plaintiff's summary judgment motion on remaining issues;

    c.   January 11, 2008 – Defendant's opposition to December 6, 2007 summary judgment motion and cross-motion for summary judgment;

    d.   January 31, 2008 – Plaintiff's opposition to cross-motion and reply regarding summary judgment;

    e.   February 15, 2008 – Defendant's reply regarding summary judgment.

The Defendant proposes the following schedule:

    a.   December 3, 2007 – administrative record and transcript filing by Defendant;

    b.   January 10, 2008 – Plaintiff's summary judgment motion;

    c.   February 11, 2008 – Defendant's opposition to summary judgment motion and cross-motion for summary judgment;

    d.   February 28, 2008 – Plaintiff's opposition to cross-motion and reply regarding summary judgment;

    e.   March 13, 2008 – Defendant's reply regarding summary judgment.

7.     The Plaintiff stipulates to dispense with the requirements of Rule 26(a)(1). The Defendant believes that because this matter is an administrative appeal, neither initial disclosures nor discovery are necessary at this time.

8.     The Parties do not currently believe that discovery or experts will be necessary.

9.     As indicated in the proposed schedule, Paragraph 6 above, the Plaintiff recommends the resolution of the default issue while the filing of the administrative record is pending. The Defendant does not believe bifurcation is appropriate here.

10.     The Parties propose that all other scheduling be decided if necessary following the resolution of the motions for summary judgment.

Respectfully submitted,

/s/ Douglas Tyrka /s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Washington, D.C.  20009
Phone:  (202) 265-4260
Fax:  (202) 265-4264


LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
October 4, 2007            E-mail: Eden.Miller@dc.gov

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )

**MICHELLE WILLIAMS**          )
                **Plaintiff,**     )
                                   )
                                   )     **Civil Action No. 07-1261**
**v.**                                )     **ESH**
                                   )

**DISTRICT OF COLUMBIA**    )
                 **Defendant.**   )
_____)

### <u>ORDER</u>

       This matter having come before the Court for an initial scheduling conference and having considered the requests of the Parties, this Court issues the following scheduling order. It is hereby

       ORDERED that the Parties shall comply with the following directives:

1)     On or before November 5, 2007, the Defendant shall file the administrative record and transcript;

2)     On or before December 6, 2008, the Plaintiff shall file her summary judgment motion on issues other than the denial of the administrative motion for default;

3)     On or before January 11, 2008, the Defendant shall file its opposition to the December 6, 2008 summary judgment motion and its cross-motion for summary judgment;

4)     On or before January 31, 2008, the Plaintiff shall file her opposition to the cross-motion for summary judgment and her reply regarding summary judgment;

5)     On or before February 15, 2008, the Defendant shall file its reply regarding summary judgment.

It is further ORDERED that this matter is exempt from the requirements of Fed.

R. Civ. P. 26(a)(1).

SO ORDERED.

_____
Ellen Segal Huvelle
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHELLE WILLIAMS, | ) | |
| Mother and Next Friend of J.W., a Minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1261 (ESH) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| A municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S PROPOSED SCHEDULING ORDER</u>

Upon consideration of the October 4, 2007, proposed scheduling orders of both

the Plaintiff and the Defendant, it is on this _____ day of October, 2007, hereby:

**ORDERED,** that this case shall proceed with the following deadlines:

a. The Defendant shall file the administrative record no later than December 3, 2007;

b. The Plaintiff shall file her motion for summary judgment no later than January 10, 2008;

c. The Defendant shall file its opposition to the summary judgment motion and its cross-motion for summary judgment not later than February 11, 2008;

d. The Plaintiff shall file her opposition to the cross-motion for summary judgment and her reply regarding her summary judgment motion no later than February 28, 2008; and

e. The Defendant shall file its reply regarding its summary judgment motion no later than March 13, 2008.

_____
United States District Judge Ellen S. Huvelle